UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE BROOKS,
*on behalf of himself and all other
employees similarly situated,*

*Plaintiffs,*

v.

REGIONAL TRANSIT SERVICE, INC.,
ROCHESTER GENESEE REGIONAL
TRANSPORTATION AUTHORITY,

*Defendants.*

CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL

Civil Action No.

_____

## NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiff George Brooks individually, as well as all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York State Labor Law.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under 29 U.S.C. § 216(b) conferring jurisdiction of any civil action arising under the FLSA and under the Declaratory Judgment Statute, 28 U.S.C. § 2201. This Court's supplemental jurisdiction of claims arising under New York State Labor Law is also invoked.

3. Venue is appropriate in the Western District of New York because, among other reasons, the defendants are residents of and do business in this district.

## CLASS ACTION ALLEGATIONS

4. The claims arising under New York State Labor Law are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

5. The class action is maintainable under subsections (1), (2) and (3) of Rule 23(b).

6. The class (hereinafter referred to as those individuals "similarly situated" or "class members") consists of current and former individuals who worked for Regional Transit Service, Inc., Rochester Genesee Regional Transportation Authority ("Defendants") or its subsidiaries or divisions or other joint employers who in the last six years were suffered or permitted to work more than 40 hours in a week by defendants; and were not paid overtime at the rate of one-and-a-half times their regular rate of pay when such employee worked over 40 hours in a week. The class includes, without limitation, those individuals with the job title of Garage Supervisor, Dispatcher Supervisor, Radio Controller Supervisor and Road Supervisor, or with any title who performed similar duties of the named plaintiff and/or the class definition and were not paid overtime at the rate of one-and-a-half times their regular rate of pay when such employees worked over 40 hours in a week. The class includes, without limitation, those individuals who are still owed wages for years not covered by the Department of Labor Settlement Agreement with defendants.

7. The class size is believed to be at least 30 employees.

8. The named plaintiff, George Brooks, will adequately represent the interests of the class members because he is similarly situated to the class members and his claims are

typical of, and concurrent to, the claims of the other class members.

9. There are no known conflicts of interest between the named plaintiff and the other class members.

10. The class counsel, Dolin, Thomas & Solomon LLP, is qualified and able to litigate the class members' claims.

11. The class counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

12. Common questions of law and fact predominate in this action because the claims of all class members are based on whether Defendants' policy of not paying statutory overtime to such employees for all hours worked in excess of forty per week violates New York Labor Law and other state statutes requiring the payment of overtime.

13. The class action is maintainable under subsections (2) and (3) of Rule 23(b) because the plaintiffs seek injunctive relief, common questions of law and fact predominate among the class members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PARTIES

### A. Defendants

14. Upon information and belief, Regional Transit Service, Inc. is a wholly owned subsidiary corporation of Rochester Genesee Regional Transportation Authority with its headquarters being in Rochester, New York.

15. Upon information and belief, Rochester Genesee Regional Transportation Authority is a public authority created by New York statute with its headquarters being in

- 3 -

Rochester, New York.

16. Upon information and belief, defendants are both enterprises engaged in interstate commerce, with annual gross volume of sales made not less than $500,000.

17. At all times relevant to this action, the defendants are the employers of plaintiff within the meaning of 29 U.S.C. § 203(d) and comprises an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

**B.  Plaintiffs**

*Named Plaintiff*

18. Named plaintiff George Brooks is a resident of the State of New York and resides at 9207 Moore Road, Nunda, New York 14517.

19. At all relevant times, Mr. Brooks was an employee of defendants under the FLSA and the New York Labor Law.

20. The named plaintiff will adequately represent the interests of the class members because he is similarly situated to the class members and his claims are typical of, and concurrent to, the claims of the other class members. There are no known conflicts of interest between the named plaintiff and class members.

21. Plaintiff is similarly situated to other plaintiffs who are or were performing the job duties of Garage Supervisor, Dispatcher Supervisor, Radio Controller Supervisor or Road Supervisor, or their functional equivalent, including any position at defendants, no matter how labeled, which involved distributing work assignments and were not paid overtime at the rate of one-and-a-half times their regular rate of pay.

*Class and Collective Action Members*

22. The class and collective action members ("Class Members") are those

employees similarly situated to named plaintiff as set forth above.

## FACTUAL BACKGROUND

23. Throughout his tenure with defendants, named plaintiff worked as a Garage Supervisor for the defendants, and as with the other Class Members, was not paid time and one-half for all hours he worked over 40 in a week.

24. Named plaintiff's principal job duty as a Garage Supervisor included handing out work assignments.

25. Named plaintiff and Class Members frequently worked over 40 hours in a week while employed by defendants.

26. Defendants' policy and/or practice was to not compensate named plaintiff or Class Members at time-and-one-half for all hours when the named plaintiff and Class Members worked over 40 in a week.

27. Defendants knew plaintiffs were supposed to be paid statutory overtime, however, defendants willfully failed to pay statutory overtime for all hours when named plaintiff and Class Members worked over 40 hours in a week.

28. The defendants' practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

29. This failure to pay overtime as required by the FLSA and the New York Labor Law.

30. Named plaintiff and Class Members sought to have the overtime violations remedied with the defendants, plaintiffs and Class Members' attempts failed and at least thirty days have elapsed since their request.

## FIRST CAUSE OF ACTION
*FLSA*

31. Plaintiffs reallege the above paragraphs as if fully restated herein.

32. Defendants willfully violated their obligations under the FLSA and are liable to plaintiffs.

## SECOND CAUSE OF ACTION
*New York Labor Law*

33. Plaintiffs reallege the above paragraphs as if fully restated herein.

34. Defendants willfully violated their obligations under the New York Labor Law and are liable to plaintiffs.

**WHEREFORE**, plaintiffs demand judgment against defendants in their favor and that they be given the following relief:

(a) an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations; and

(b) an award to plaintiffs of the value of the hours and wages including fringe benefits which were not properly compensated under the FLSA and the New York Labor Law; and

(c) liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs; and

(d) an award to plaintiffs of the actual losses sustained by plaintiffs as a direct result of the violation; and

(e) an award to plaintiffs for civil penalties provided by statute; and

(f) an award of compensatory damages in an amount determined by the jury to be able to reasonably compensate plaintiffs; and

(g) an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' rights; and

(h) an award to plaintiffs of the value of the unpaid back wages due defendants' employees; and

(i) an additional 25% of such back wages as a penalty under New York Labor Law;

(j) an award of punitive damages, in an amount determined by the jury to penalize defendants for their malicious and intentional violations of federally and state protected rights; and

(k) an award of pre- and post-judgment interest; and

(l) such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact.

Dated: March 14, 2007

DOLIN, THOMAS & SOLOMON LLP

By: *[signature]*

Patrick J. Solomon, Esq.
*Attorneys for Plaintiffs*
693 East Ave.
Rochester, New York 14607
Telephone: (585) 272-0540
psolomon@theemploymentattorneys.com